IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QUANOTHO KYLES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 12-cv-0102-MJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent.. | ) |

ORDER DIRECTING GOVERNMENT
TO RESPOND TO SECTION 2255 PETITION

REAGAN, District Judge:

In January 2009, Quanotho Kyles was indicted on a charge of felon in possession of a firearm, armed career criminal (Criminal Case No. 09-30003-MJR). Kyles pled guilty. He was sentenced by the undersigned Judge, with judgment entered July 28, 2009. Kyles did not appeal the judgment.

On October 19, 2011, Kyles filed in his criminal case a *pro se* motion to correct judgment, asserting that the Court lacked jurisdiction to sentence him as a career criminal. After the United States responded to the motion, the Court determined that, despite the label, Kyles' motion constituted a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Court advised Kyles of the consequences of filing a § 2255 motion and offered him the option of withdrawing his motion to correct judgment or asking the Court to docket the pleading as a § 2255 motion and to proceed thereon. Kyles advised the Court that he chose to pursue relief under § 2255. The Court then directed the Clerk of Court to open a civil case as of the date that the order was filed, February 1, 2012, adding that Kyles' § 2255 motion would be deemed filed as of the original filing date in the criminal case, October 19, 2011.

Section 2255 allows a prisoner in custody via sentence imposed by a federal court to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence exceeded the maximum authorized by law. A one-year statute of limitation applies to § 2255 petitions. The one-year running from the latest of four dates: (1) the date on which the judgment of conviction became final, (2) the date on which the impediment to filing a petition was removed, if the impediment was caused by "governmental action," (3) the date on which the Supreme Court newly recognized a right and made it retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim presented by the petition could have been discovered through the exercise of due diligence.

Rule 4 of the **Rules Governing Section 2255 Proceedings for the United States District Courts** directs the Judge who receives the motion to promptly examine it; if it plainly appears from the motion, any exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. Otherwise, the District Court must order the United States Attorney to file an answer or response within a fixed time. Rule 8 of the **Rules Governing Section 2255 Proceedings** explains that if the motion is not dismissed, then depending on the issues raised and briefs filed, the Judge must determine whether an evidentiary hearing is warranted. If the Judge determines that an evidentiary hearing is needed, he must appoint counsel to represent at the evidentiary hearing any petitioner who qualifies under 18 U.S.C. 3006A .

In the case at bar, Petitioner Kyles asserts that his petition is not barred by the one-year limitations period because jurisdictional challenges may be raised at any time, and a judgment where jurisdiction was lacking is void on its face.

The Court hereby **DIRECTS** the United States to respond to Kyles' § 2255 petition by **September 18, 2012**. The United States shall address, *inter alia*, (a) whether Kyles' petition is

timely-filed and (b) whether Kyles' plea agreement contained a waiver of the right to seek relief under § 2255.  Kyles may file a reply brief (no longer than 5 pages) by **October 9, 2012**.   If review of the briefs indicates that an evidentiary hearing *is* warranted, the Court immediately will set the hearing by separate notice and, if Kyles qualifies under 18 U.S.C. 3006A, appoint counsel to represent him at the hearing.

    IT IS SO ORDERED.

    DATED August 8, 2012.

                s/Michael J. Reagan
                Michael J. Reagan
                United States District Judge